UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN CHARLES BELL, )<br>　　　　Plaintiff　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>　vs.　　　　　　　　　　　　　　　)　CAUSE NO. 3:05-CV-219RM<br>　　　　　　　　　　　　　　　　　)<br>FRANK CANARECCI, *et al.*,　　　)<br>　　　　　　　　　　　　　　　　　)<br>　　　　Defendants　　　　　　　　)| |

## OPINION AND ORDER

John Bell submitted a complaint under 42 U.S.C. § 1983 against St. Joseph County Jail officials. The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under FED. R. CIV. P. 12(b)(6) to dismiss a complaint. Weiss v. Colley, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> 　　In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded

generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Bell brings this action pursuant to 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988).

Mr. Bell seeks damages for conditions of confinement at the St. Joseph County Jail while he was held there as a pretrial detainee. The Eighth Amendment protects convicted prisoners from cruel and unusual punishments. Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979); Robinson v. Moses, 644 F.Supp. 975 (N.D. Ind. 1986). The rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, Bell v. Wolfish, 441 U.S. at 535 n. 16. But "[a]n act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees." Martin v. Tyson, 845 F.2d 1451, 1457 (7th Cir. 1988). A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294 (1991).

Mr. Bell alleges that jail officials required him to use cleaning supplies and

2

chemicals without taking all of the precautions suggested by the manufacturer's special instructions. He does not allege that he suffered any actual harm from using these chemicals as ordered by the defendants.

"Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment. To state a claim under the Eighth Amendment, McNeil must, at minimum, allege facts sufficient to establish that the defendants possessed a total unconcern for McNeil's welfare in the face of serious risks." McNeil v. Lane, 16 F.3d 123, 124 (7th Cir. 1994) (citations omitted). As in McNeil v. Lane, Mr. Bell's allegations that defendants required him to use cleaning chemicals without taking all recommended precautions, without causing him any actual injury, "are insufficient to establish that the defendants acted maliciously, intending to punish or injure him." *Id.* at 124. *See also* Duckworth v. Franzen, 780 F.2d 645, 653 (7th Cir. 1985) (prison inmates injured in a bus fire stated no violation of federally protected rights).

For the foregoing reasons, the court DISMISSES the plaintiff's complaint pursuant to 28 U.S.C. § 1915A(b)(1).

SO ORDERED.

ENTERED: July 11, 2005

                                  /s/ Robert L. Miller, Jr.
                                  Chief Judge
                                  United States District Court